Taylor, Chief-Justice.
 

 The objertton made to the executions is, that they wore not directed as the law reunites. It is not ídaifíl in the record whether the judgment was mitten on the same paper with the warrantor not, but it is to be presumed that it was, since it is not probable that another Magistrate would hate issued an execution «pon the judgment alone, without seeing that, a. warrant had been returned, executed against the Defendant.
 

 That a warrant was issued, and exeemied, appears frena the case, and that it was directed iu the manner re
 
 *56
 
 quired by law, seems plain from this, that no exception is taken to it on that ground. Assuming, therefore, that the judgment and execution were written on the same pap61. wjph the warrant, and that the latter was properly directed, it has been decided that such direction will extend to the other process, and that it is not necessary to repeat it in each one. It cannot be denied that the judgment and executions are loose and informal, but the law has prescribed no certain mode for the judgment,, and it cannot be expected that it should be entered up with the technical precision used in Courts of record. It must, from necessity, be upheld, if it be sufficient in substance. When a debt is proved before a Magistrate, it is a conclusion of law, that there be a judgment upon it, audit was only necessary to add the word judgment, and even without that, it was readily understood by the Justice who issued the execution. The executions are less exceptionable
 
 *
 
 for they refer to the lawr as the guide by which the officer is to be directed j and it has been held in the case of
 
 Lanier
 
 and
 
 Stone,*
 
 that where the execution directs the officer to levy upon goods and chattels, lands and tenements, it shall not be set aside if it appear, by the officer's return, that he has levied only in such manner as the law directs in the 19th section of the act of 1794.
 

 That a fair and liberal construction should be given to the civil proceedings before a magistrate, is dictated by various considerations, and is made compulsory on the Court by the 16th section, which requires only that the essential matters should be set forth in the process.
 

 Per curiam. A new trial is awarded.
 

 *
 

 Vide ante, vol. 1. 329.