A fieri facias issued from this Court on a judgment at law, at the instance of the present plaintiff against John R. Dyke and others, directed to the present defendant, the sheriff of Cherokee County. It came in due time to his hands, and was returned with the following endorsement: "Enjoined." A judgment nisi was taken against the defendant, and he is now called on to show cause why it should not be made absolute. The plaintiff insists that the word endorsed, is no return in law, and our attention is confined to that single question.
It cannot be doubted, that according to the authorities cited by the plaintiff's counsel, the return in this case is informal, and (378) *Page 350 
under the practice in the English Courts would not be sustained; and we admit that the reasons assigned at the bar are very strong to show that the same strictness should be observed here. Neither in England, however, nor here, is there any legislative act directing in what manner a sheriff shall make his return in such a case. In both countries it is a matter of practice adopted by the courts, and such practice, when sanctioned by time, becomes the law of the court. In England, whose judicial history reaches back to a very remote period, a strict adherence to forms is required, from which the courts in this State have, in great measure, departed. From the circumstances under which our judicial system came into existence, it was soon found that such a departure was necessary. The cumbrous forms sanctioned by time there, did not suit the wilderness here, and in consequence, following in the footsteps of those who had gone before them, a system was adopted which, while it recognized the value of placing on record the pleas exhibiting the controversy between the parties, greatly relaxed the rigid adherence to mere matters of form, both in the judicial proceedings of our Superior Courts, and in the acts of our executive officers, in making their returns. Our reports are full of such cases, required alike for the security of suitors and others deriving title under official sales. Thus the act of 1836 (chap. 62, sec. 11), originally passed in the year 1794, provides that when a judgment is obtained before a single magistrate, "he may award an execution against the goods and chattels, lands and tenements, or body of the defendant." By the 16th section, it is directed that all executions issued by a justice of the peace shall be directed to the sheriff, constable, or other officer, and be made returnable in thirty days. In the case of Forsyth v. Sikes and others, 9 N.C. 54, it was decided that where a judgment rendered by a justice is endorsed on the warrant, the words entered on the same paper by the magistrate, "execute and sell according to law," is a sufficient execution. The same point was again adjudicated in the case of the Governor, etc., v. Bailey, 10 N.C. 463; and upon the same principle, "that the proceedings of magistrates are entitled to a liberal construction, when the exception relates merely to regularity and form." The principle, thus established, has (379) ever since been considered law here. Various other cases upon other points of practice might be cited. Under this principle we are called on to say, whether the return endorsed on the execution by the sheriff is such a one as the law will recognize. We think it is. It sufficiently informs the court why the fieri facias was not executed. We must understand that further action upon the execution was stayed by an injunction. We do not concur with the counsel at the bar in his criticism on the word "enjoined." No case has been cited, and we *Page 351 
suspect none can be, in which a sheriff or any officer has employed the word enjoined to express a direction by the plaintiff in an execution or his agent, to stop his proceeding further under it. The return in such a case is "stayed by order of the plaintiff." It is true, the word "enjoined" implies a command to do or not to do a particular thing by one having authority; and it is equally true that the word "enjoined," though not strictly a technical word, has by common usage acquired a technical meaning. Nothing is more common than to say, and to say correctly, after an injunction does issue from a Court of Equity that the party plaintiff in the execution, is enjoined; and a bill for injunction is frequently called a bill to enjoin. And whenever the word "enjoin" is used in legal proceedings, it must be understood that further proceedings upon the execution is stayed by order of a Court of Equity; and in such sense it must be understood as used by the defendant in this case — the same as if he had returned on the fieri facias — "stayed by injunction," a return which would have been sufficient. Tagert v. Hill,1 N.C. 370 (Battle's Ed., 283). And yet such a return is open to all the objections urged against the one in this case. It does not state from what source the command issued, whether from the plaintiff in the execution or from a Court of Equity, and if from the latter, what court it is not precise and definite, and not free from uncertainty; yet it is sufficiently certain to enable the court to see that he was restrained from executing the process by a mandate from a court (under the penalty of incurring punishment for a contempt; Edney v. King, 39 N.C. 465), of competent authority, and which the sheriff was bound to obey. Nor can there be any doubt that the court would have allowed the sheriff, the defendant, if he had been here, to have amended his return, if necessary, by endorsing it in full upon the precept; and if it be false, the (380) plaintiff has his appropriate remedy under the statute.
Looking, then, to the practice which has obtained in this State in similar cases, and the principle established in those referred to, the Court is of opinion that the endorsement made on the execution is a sufficient return, and that the fact disclosed in it exempts him from the penalty sought to be enforced against him.
PER CURIAM. Rule discharged.
Cited: Kincaid v. Conly, 62 N.C. 275; Isler v. Kennedy, 64 N.C. 531;Stealman v. Greenwood, 113 N.C. 358; Campbell v. Smith, 115 N.C. 499. *Page 352